**Commonwealth v. Buchinsky**

*Phillip H. Williams*, District Attorney, for Commonwealth.

*Peter J. O'Brien*, for defendant.

WILLIAMS, P. J., August 22, 1969.—Defendant was indicted on January 7, 1969, charging that he was in a motor vehicle accident and that he failed to stop and render assistance and to identify himself, contrary to the provisions of section 1027(b) of The Vehicle Code of April 29, 1959, P. L. 58, as amended.

Counsel for defendant moved to quash the indictment because (1) the indictment fails to allege that the accident resulted in any injury or death to any person or damage to property, and (2) the indictment fails to allege knowledge of the accident on the part of defendant.

The district attorney has filed a petition for leave to amend the indictment to include an allegation that the accident resulted in injury to person and damage to property.

The authority of the court to permit an amendment to an indictment is regulated by Rule 220 of the Pennsylvania Rules of Criminal Procedure which provides:

"The court may allow an indictment to be amended where there is a defect in form, the description of the offense, the description of any person or any property, or the date charged provided the indictment as amended does not charge an additional or different offense. . . ."

Counsel for defendant argues that the indictment fails to allege an essential element of the crime and omissions complained of are not a mere "defect in the description of the offense" as claimed by the Commonwealth.

The argument that the indictment be quashed because it fails to allege knowledge on the part of defendant poses no problem. While the law requires the Commonwealth to establish at trial, either by direct or indirect evidence, that defendant had knowledge that he was involved in an accident before he can be convicted of the offense of failing to stop at the scene of an accident, nowhere in the statute is the word "knowledge" employed. To sustain this argument, the court would have to judicially amend the statute which we have neither the authority nor the wish to do.

The argument that the indictment is fatally defective in that it fails to allege injury to person or property damage resulting from the accident poses a more difficult legal problem. The question here presented is whether the motion to amend if allowed would charge an additional or different offense or whether it would result only in a more adequate description of the offense charged.

The question was before the court under somewhat different circumstances in the case of Commonwealth v. Anthony, 19 Del. Co. 354 (1928). There, defendant was indicted for failure to stop at the scene of an accident in violation of art. 10, sec. 1029, of the Act of May 11, 1927, P. L. 886, paragraph (c) of which

contains the same language, "resulting in injury or death to any person, or damage to property" as is contained in section 1027(b) of the present vehicle code. At trial, the Commonwealth's evidence failed to establish that the accident resulted in any injury to a person but did show damage to property. At the conclusion of the Commonwealth's evidence, the trial judge permitted the Commonwealth to amend the indictment to include the language "damage to motor vehicle operated by and property of Ernest E. Wilson." The court en banc held that the allowance of the amendment was proper, saying, p. 359:

"In allowing this amendment, against the objection of the defendant, the trial court was exercising the power granted by the Act of the 31st of March 1860, P. L. 433. The defendant was not thereby prejudiced. The indictment informed him as to the particular transaction in which the crime was alleged to have been committed and the inserting of the words 'damage to a motor vehicle operated by and property of Ernest E. Wilson' in no manner changed his defense. The motion to amend was justifiable in order to clarify the particular transaction or gravamen of the offense—failure or refusal to stop such motor vehicle at the scene of such accident either when injury was inflicted upon a person or damage to the property (automobile) of the said Ernest E. Wilson, the owner and operator of said motor vehicle. Com. vs. Faulknier, et al. 89 Pa. Super., 458; Com. vs. Norris, 87 Pa. Super., 61."

To allow this amendment in no way prejudices defendant. Neither the motion to quash nor defendant's answer to rule to amend assert that the accident did not result in injury to person or damage to property. The indictment fully informs him of the exact incident out of which the charge arose and the time and place it allegedly took place. He will have the same de-

fenses available to him after the amendment as he enjoyed before the amendment. Since the Commonwealth can reindict him if the motion is granted, no permanent benefit would inure to defendant to grant his motion.

The allowance of the motion would in no sense serve to charge defendant with an additional or different offense. The offense charged both before and after the amendment would be the same, viz: "failure to stop at the scene of an accident."

We are of the opinion that the court has the power under Pa. R. Crim. P. 220 to allow the requested amendment and that it serves the public interest to do so without prejudicing the position of defendant. Accordingly, we enter the following

### ORDER

And now, August 22, 1969, defendant's motion to quash the indictment is denied; the Commonwealth's motion to amend the indictment to include an allegation of injury to person and damage to property is allowed.